```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA

JAMI YORSCH                                     CIVIL ACTION

V.                                              NO. 14-2359

NUVASIVE, INC.                                  SECTION "F"
```

## ORDER AND REASONS

Before the Court is the plaintiff's motion to remand for lack of subject matter jurisdiction. For the reasons that follow, the motion is DENIED.

## Background

This dispute involves a non-competition agreement between Yorsch and her former employer, NuVasive. NuVasive is a medical device company that manufactures, promotes, and sells tools and implants used in spine surgery. Yorsch worked for NuVasive as a sales representative until she resigned on October 1, 2014, and accepted similar employment with one of NuVasive's direct competitors. In 2013, Yorsch earned nearly $700,000 at NuVasive.

On October 9, Yorsch filed suit against NuVasive in state court. In the complaint she asks for: (1) a judgment declaring unenforceable certain restrictive covenants contained in the agreement; (2) an injunction to preclude NuVasive from enforcing those provisions; and (3) money damages, including attorney's fees, for NuVasive's alleged violation of Louisiana's Unfair Trade Practices Act. The complaint does not state that the plaintiff

1

seeks to recover less than this Court's jurisdictional minimum, nor has the plaintiff ever waived recovering over that amount.

The plaintiff sought a temporary restraining order in state court, and at the TRO hearing the defendant's counsel represented that they did not plan to attempt to enforce the non-compete and non-solicitation provisions of the agreement.  The state court denied the plaintiff's request for a TRO but set a preliminary injunction hearing for October 16, 2014.

On October 15, the defendant removed to this Court based on diversity jurisdiction.  With respect to the amount in controversy, the notice of removal states:

> Plaintiff brought her Petition in order to allow her to continue earning a living in the industry in which she has worked for over nine years.  She disputes the enforceability of certain employment covenants that provide restrictions for a period of one (1) year following the termination of her employment with NuVasive. Plaintiff's yearly earnings are well above the jurisdictional amount required for removal; such a showing can be made before the court if desired. Therefore, it is readily apparent that the alleged value of the right to be protected or the extent of the injury to be prevented exceeds more than $75,000 in controversy.

(internal citations and quotations omitted).

I.

A.

Although the plaintiff challenges removal in this case, the removing defendant carries the burden of showing the propriety of this Court's removal jurisdiction.  See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 510 U.S. 868, 114

S. Ct. 192, 126 L.Ed.2d 150 (1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988).  "Because removal raises significant federalism concerns, the removal statute is strictly construed."  Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008).  Further, "any doubt as to the propriety of removal should be resolved in favor of remand."  Id.

*B.*

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the case -- that is, if the plaintiff could have brought the action in federal court from the outset.  See 28 U.S.C. § 1441(a). To exercise diversity jurisdiction, complete diversity must exist between the plaintiffs and all of the properly joined defendants, and the amount in controversy must exceed $75,000.  See 28 U.S.C. § 1332.  The only dispute here is whether the amount-in-controversy requirement is met.

To determine whether it has jurisdiction, the Court must consider the allegations in the state court petition as they existed at the time of removal.  See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720 (5th Cir. 2002); see also Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995). Louisiana law requires that a plaintiff include "no specific amount

of damages" in her prayer for relief. La. Code Civ. Proc. art. 893.[1] When the plaintiff has, therefore, alleged an indeterminate amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999); see also De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). This showing may be made by either (1) showing that it is facially apparent that the plaintiff's claims likely exceed $75,000 or (2) setting forth "summary judgment type evidence" of facts in controversy that support a finding of the jurisdictional amount. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999). "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). If the removing defendant cannot show that the amount in controversy is facially apparent, it may be able to prove "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a

---

[1] "[I]f a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages . . . a general allegation that the claim exceeds or is less than the requisite amount is required." La. Code Civ. Proc. art. 893.

finding of the requisite amount." Luckett, 171 F.3d at 298. If the petition is ambiguous as to whether the alleged damages surpass the jurisdictional amount in controversy, the Court may consider a post-removal affidavit that clarifies the original complaint. Asociación Nacional de Pescadores a Pequeña Escala o Artesanales de Colombia (ANPAC) v. Dow Química de Colombia, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by* Marathon Oil Co. v. Ruhrgas, 145 F.3d 211, 214 (5th Cir. 1998), *rev'd on other grounds,* 526 U.S. 574 (1999).

If the removing party satisfies its burden, the plaintiff can only defeat removal by showing that it is "legally certain that his recovery will not exceed the amount stated in the state complaint." De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995); see St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."). Absent a statute that restricts recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, St. Paul makes later filings irrelevant." De Aguilar, 47 F.3d at 1412 (quoting In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)).

5

II.

"The amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1252-53 (5th Cir. 1998). Thus, when a party seeks injunctive relief, the value of the object of the litigation determines the amount in controversy. Hunt v. Wash. State Adver. Comm'n, 432 U.S. 333, 347 (1977).

The defendant contends that the amount-in-controversy requirement is met because a declaration in Yorsch's favor will allow her to pursue her existing career in which she has made hundreds of thousands of dollars annually. The defendant also asserts that one can assume that the plaintiff seeks a recovery in excess of $75,000 in damages and attorneys' fees in her LUTPA claim because she did not state the contrary in her complaint. The plaintiff contends, without citation to law, that because NuVasive does not plan to enforce the non-competition and non-solicitation covenants, Yorsch's salary is not the object of the litigation, and thus her claims do not exceed $75,000. This voluntary cessation argument is not persuasive.

This Court finds that the defendant has shown, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. The plaintiff has not shown "to a legal certainty" that the recovery will fall at $75,000 or below.

Accordingly,

IT IS ORDERED that the motion to remand is hereby DENIED.[2]

New Orleans, Louisiana, November 17, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] Quite obviously, if, as plaintiff infers, her case is worth less than $75,000, she will take some amount less in a possible settlement.